IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

    Plaintiff,       No. CIV S-11-0246 LKK GGH P

  vs.

R. YASSINE,

    Defendant.     <u>ORDER</u>

_____/

    Plaintiff, a state prisoner proceeding with retained counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On January 6, 2012, the magistrate judge filed and order and findings and recommendations. ECF No. 53. In that filing, the magistrate judge granted plaintiff's motion to substitute Scottlyn Hubbard as the attorney of record for plaintiff, and recommended that this court dismiss plaintiff's state law and ADA claims. The magistrate judge also denied plaintiff's request to file an amended complaint and amended answer to the motion to dismiss. The magistrate judge recommended that the case proceed solely on plaintiff's Eight Amendment claim for excessive force.

    Plaintiff subsequently filed a motion for reconsideration directed to the magistrate judge.

1  The magistrate judge held a hearing on the matter and ultimately determined it appropriate to

2  affirm his initial findings and recommendations. Order on Reconsideration, ECF No. 64. Thus,

3  this order addresses whether the court adopts the Findings and Recommendations issued by the

4  magistrate judge on January 6, 2012.

5      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

6  court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the

7  court declines to adopt the findings and recommendations of the magistrate judge.

8  Factual Background

9      Plaintiff is a disabled prisoner who uses a wheelchair to move about the prison when he

10 is outside of his cell. Plaintiff has injuries to his hip, spine, and shoulder. This case arises from

11 an incident alleged to have occurred on October 25, 2009. Plaintiff alleges that on that date, he

12 was in his wheelchair heading to the medical unit of the prison for routine treatment when he got

13 into an argument with defendant Yassine, a corrections officer. Plaintiff alleges that defendant

14 stated that he was going to search plaintiff, and told plaintiff to lean forward in his wheelchair.

15 Plaintiff complied, and defendant pushed plaintiff forward further, until there was a loud pop and

16 plaintiff cried out in pain. Plaintiff was later treated for the injury.

17     Plaintiff filed his original complaint in pro se on January 26, 2011, alleging that

18 defendant's conduct violated the Eight Amendment, the Americans with Disabilities Act, and

19 state tort law. Defendants have answered the complaint and have filed a motion to dismiss the

20 original complaint. A scheduling order was issued and discovery has concluded. After several

21 unsuccessful motions to have counsel appointed to him, plaintiff obtained his own attorney,

22 Scottlyn Hubbard, who requested approval of substitution on December 8, 2011. The request for

23 approval of substitution asserted that "the opposition and proposed amended complaint we have

24 prepared on behalf of Mr. Barker will cure the deficiencies alleged by the defendant and, as

25 such, request that the Court allow these documents to be filed.  Accompanying the request for

26 substitution, counsel for plaintiff attached a proposed amended opposition to the motion to

1  dismiss and a proposed amended complaint. Plaintiff did not file or notice a formal motion for

2  leave to amend the complaint. On January 6, 2012, the magistrate judge issued an order and

3  findings and recommendations, in which he approved the substitution of counsel, and

4  recommended that the motion to dismiss be granted in its entirety. The magistrate judge

5  addressed some of the issues raised in the amended filings, but noted that no leave to amend the

6  complaint or opposition had been granted.

7       This court finds that it is in the interest of justice to permit plaintiff' to properly move for

8  leave to file and amended complaint. Recognizing that the magistrate judge was not required to

9  consider the amended complaint filed without leave, the court concludes that it is proper to allow

10  plaintiff's newly obtained counsel an opportunity to now seek leave to amend. Plaintiff is

11  cautioned to comply with the Eastern District Local Rules and the Federal Rules of Civil

12  Procedure in all future filings.

13       Accordingly, IT IS HEREBY ORDERED that:

14       1. Plaintiff MAY file for leave to amend the complaint no later than twenty-eight

15       (28) days from the issuance of this order.

16       2. The matter is referred back to the magistrate judge for further proceedings.

17

18  DATED: August 31, 2012.

19

20

21                    LAWRENCE K. KARLTON

22                    SENIOR JUDGE
                     UNITED STATES DISTRICT COURT

23

24

25

26