IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

    Plaintiff,                         No. CIV S-11-0246 LKK GGH P

    vs.

R. YASSINE,

    Defendant.                   ORDER

_____/

       Plaintiff is a state prisoner proceeding with retained counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On September 26, 2012, plaintiff filed a motion to amend and an amended complaint. Defendant opposes the motion.

       Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' " Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir.2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

\\\\\

1

In the instant case, the undersigned finds that justice requires the motion to amend be granted. However, the undersigned notes that the amended complaint is nearly the same as the proposed amended complaint filed by plaintiff on December 8, 2011, in response to defendant's motion to dismiss.[1] The undersigned analyzed the proposed amended complaint and the motion to dismiss in great detail in findings and recommendations and a motion for reconsideration.

The primary consideration in permitting an amendment of the complaint in this case is the potential merit of the proposed amended complaint. The court could discuss the merits issues in response to the opposition to amend the complaint, or in a new motion to dismiss once the amended complaint is filed. The court chooses the latter in that the merits issues will not be intermixed with other issues related to potential amendments of complaints. The motion to dismiss is a cleaner vehicle in which to review the failure, or not, to state a claim. Moreover, the denial of a motion to amend would leave the case in some confusion in that the district judge did not adopt [or reject] the merits analysis *per se* in the former motion to dismiss, but rather indicated his preference to have an amended complaint filed. Therefore, the case will be decided on a new complaint. Defendant may file a new motion to dismiss within 28 days.

Accordingly IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (Doc. 70) is granted, and the amended complaint as set forth in Docket # 72 is deemed filed and served; it is now the operative complaint in this action;

2. The hearing scheduled on October 25, 2012, is vacated;

\\\\\

\\\\\

---

[1] Somewhat ironically, plaintiff filed a new amended complaint in his reply (Doc. 72) (October 15, 2012), to amend the original amended complaint, after defendant noted reasons why it should be denied.

3. Defendant may file a motion to dismiss or other appropriate response within 28 days.

DATED: October 17, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
bark0246.ord3