1  Lynn Hubbard III, SBN 69773
2  Scottlynn J Hubbard, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, California 95926
4  (530) 895-3252
5
6  Attorneys for William Barker

7  Susan E. Coleman, SBN 171832
   E-mail:  scoleman@bwslaw.com
8  Martin Kosla, SBN 247224
   E-mail:  mkosla@bwslaw.com
9  **BURKE, WILLIAMS & SORENSEN, LLP**
10 444 South Flower Street, Suite 2400
   Los Angeles, CA  90071-2953
11 Telephone: (213) 236.0600
   Facsimile: (213) 236.2700
12
13 Attorneys for Defendant R. Yassine

14
                    United States District Court
15
                    Eastern District of California
16

17
18 | William Barker,          ) Case No. 2:11-cv-246-LKK-AC
19 |     Plaintiff,           )
                              ) **Joint Stipulation to Modify**
20 | vs.                      ) **Scheduling Order and** ~~Proposed~~
                              ) **Order**
21 | R. Yassine,              )
22 |                          ) [Fed. R. Civ. P. 16(b)]
   |     Defendant.           )
23 |                          ) Date:
24 |                          ) Time:
   |                          ) Room:
25 |                          )
26 |                          ) Honorable Allison Claire

27
28

<u>Barker v. Yassine,</u> Case No. 2:11-cv-00246-LKK-AC
**Joint Stipulation to Modify Scheduling Order and Proposed Order**

-1-

1  On March 7, 2014, Dale Hubbard – mother for attorney Scottlynn
2  Hubbard and wife of 47 years for attorney Lynn Hubbard III – passed away
3  unexpectedly at her home in Chico, California.[1] She was 67 years old.
4  Disabled Advocacy Group is a family law firm and the death of its
5  matriarch was devastating to its counsel and staff. Despite this loss, we
6  have attempted to fulfill our obligations to both court and counsel,
7  including the deadlines established under the current schedule. It has
8  proven difficult (and not entirely successful) for obvious reasons. We are
9  thus seeking to modify the scheduling order, and extend all remaining
10 deadlines by three months to reflect the delay caused by her death. A
11 schedule may be modified only for good cause and with the judge's consent.
12 Fed. R. Civ. P. 16(b)(4). To establish "good cause," parties seeking
13 modification of a scheduling order must generally show that, even with the
14 exercise of due diligence, they cannot meet the order's timetable. *Johnson*
15 *v. Mammoth Recreations, Inc.*, 975 F2d 604, 609 (9th Cir. 1992). To
16 establish diligence, a movant should establish (1) they assisted the court in
17 fashioning a workable scheduling order; (2) any actual or anticipated
18 noncompliance resulted from circumstances not reasonably anticipated at
19 the time of the scheduling conference; and (3) a prompt request for
20 modification once it became apparent that compliance was not possible.
21 *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D.
22 Cal. 2008) (Damrell, SJ). In this case, plaintiff's counsel did not know that
23 his mother was sick (much less that she would pass away) when fashioning
24 the schedule, nor did he appreciate how her death would affect his father
25 and their law practice. More importantly, once it became apparent that we

---

[1] http://www.legacy.com/obituaries/chicoer/obituary.aspx?n=dale-hubbard&pid=170401079 (last viewed May 27, 2014).

would be unable to fulfill our obligation under the current schedule, we immediately moved to modify the deadline. For these reasons, we hope the court will allow a short three month extension of all remaining deadlines so that the parties can complete trial preparation in this case.

Dated: May 28, 2014                     DISABLED ADVOCACY GROUP, APLC


                                        /s/ Scottlynn J Hubbard IV, esq. /
                                        SCOTTLYNN J HUBBARD IV
                                        Attorney for Plaintiff William Barker

Dated: May 28, 2014                     BURKE, WILLIAMS & SORENSEN, LLP


                                         /s/ Martin Kosla, esq.           /
                                        MARTIN KOSLA
                                        Attorney for Defendant R. Yassine


[~~PROPOSED~~] ORDER


   GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the Scheduling Order is modified to extend all remaining dates by three months.

   IT IS SO ORDERED.


Dated: May 28, 2014

                                        _____
                                        ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE