UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER, | No. 2:11-cv-00246 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| R. YASSINE, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding through counsel, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 3, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations and defendant has filed a reply to plaintiff's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. The action is proceeding on plaintiff's first amended complaint (FAC), ECF No. 72,[1] and is before the court on defendant's motion for

---

[1] The FAC is not verified. In opposition to the motion for summary judgment, plaintiff relies on certain averments in the original complaint, which is verified. ECF No. 1 at 3. The original

1

1  summary judgment.  Plaintiff claims that defendant Yassine violated his rights under the Eighth
2  Amendment through use of excessive force.  Based on the evidence submitted by the parties in
3  support of and in opposition to the motion for summary judgment, the magistrate judge "finds
4  that no reasonable juror could conclude that defendant acted with malicious and sadistic intent to
5  cause plaintiff harm or, therefore, that defendant used excessive force against plaintiff in violation
6  of the Eighth Amendment."  ECF No. 118 at 20.  The magistrate judge recommends that
7  defendant's motion for summary judgment be granted on the merits and does not reach
8  defendant's qualified immunity defense.
9  　　　Plaintiff's Eighth Amendment claim is governed by the standard announced in *Whitley v.*
10 *Albers*, 475 U.S. 312 (1986): """whether force was applied in a good faith effort to maintain or
11 restore discipline or maliciously and sadistically for the very purpose of causing harm.""""
12 *Hudson v. McMillian*, 503 U.S. 1, 6 (quoting *Whitley*, 475 U.S. at 320-21 (quoting *Johnson v.*
13 *Glick*, 481 F.2d 1029, 1033 (2nd Cir. 1973))).  Factors relevant to analysis of an excessive force
14 claim include "the extent of injury suffered by an inmate," as well as "the need for application of
15 force, the relationship between that need and the amount of force used, the threat 'reasonably
16 perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful
17 response.'"  *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).
18 　　　The magistrate judge finds no dispute about defendant's authority to conduct the search,
19 and no "reasonable dispute that plaintiff's behavior justified the search."  ECF No. 118 at 17.
20 From this, the magistrate judge concludes that the evidence "supports a finding that defendant
21 commenced the challenged search in a 'good faith effort to maintain or restore discipline.'"  ECF
22 No. 118 at 17 (quoting *Hudson*, 503 U.S. at 7).  Having carefully considered the question, the
23 court does not agree that the relevant evidence is undisputed.
24 　　　The parties agree that the incident occurred at approximately 3:45 p.m. on October 25,
25 2009, when plaintiff was returning through the Unit I Grill Gate ("the Gate") at California
26 ────────────────────────────
27 complaint may serve as an affidavit in opposition to defendant's motion for summary judgment to
   the extent facts contained therein are based on plaintiff's "personal knowledge of admissible
28 evidence."  *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

1 | Medical Facility (CMF).  Plaintiff was in a wheelchair, and defendant Yassine was the only
2 | correctional officer (CO) on duty at the Gate, "a security checkpoint between the yard and the
3 | Facility C housing units and B-1 medical clinic."  ECF No. 118 at 6.  It is undisputed that
4 | following the incident defendant wrote a Rules Violation Report (RVR) charging plaintiff with
5 | disobeying a direct order and that plaintiff was found not guilty of the disciplinary charges.  *Id.* at
6 | 7-8.  The parties dispute most of the remaining facts relevant to plaintiff's claim.

The moving and opposition papers present two different views of the facts in dispute.  As set forth in the findings and recommendations, defendant has presented evidence in support of the following:  When plaintiff reached the Gate, defendant asked to see plaintiff's ID and plaintiff refused, instead continuing through the Gate "'cursing and bad mouthing" defendant.  *Id.* at 12. Defendant ordered plaintiff to stop, identify himself, and show defendant his medical ducat, orders with which plaintiff also refused to comply.  *Id*.  Defendant ordered plaintiff to move his wheelchair to the wall, and plaintiff refused.  *Id*.  Defendant also ordered plaintiff to be searched and directed him to face the wall for the search.  *Id.*  Defendant suspected plaintiff might be carrying contraband or a weapon because he was trying to get through the Gate quickly and was hostile.  *Id*. at 13.  During the search, defendant "gently" placed his hand on plaintiff's back and told him to bend forward.  *Id.*  Plaintiff bent forward slightly and refused to move any further.  *Id.* When plaintiff refused, defendant activated his alarm to obtain help from other correctional staff. *Id.*

Plaintiff disputes that he refused to comply with defendant's orders.  In opposition to the motion, plaintiff has presented evidence that he did show both his ID and his "priority ducat" for the medical clinic to defendant, and that he only refused to explain the medical reason for his visit to the clinic.  ECF No. 113-1 at 12 (citing ECF No. 1 at 7).  Plaintiff's deposition testimony suggests defendant saw the ducat, ECF No. 113-3 at 32, that defendant asked plaintiff what the ducat was for, and that plaintiff told defendant plaintiff's medical issues "didn't have anything to do with him."  ECF No. 113-3 at 32:23-33:1.[2]  Plaintiff also relies on the fact that the prison

---

[2] The magistrate judge finds that plaintiff "concedes that he refused, at least initially, defendant's order to show his medical ducat, in violation of a direct order and thus in contravention of 15

3

1  disciplinary hearing officer found him not guilty of disobeying defendant's order.  *See* ECF No.
2  113-1 at 12 (and evidence cited therein); ECF No. 113-3 at 9-10.  Relying on an inference drawn
3  from the fact there is no reference to contraband in the rules violation report prepared by
4  defendant, as well as defendant's statement at the disciplinary hearing that he had "called
5  [plaintiff] back to deal with his attitude," ECF No. 56-3 at 11, plaintiff disputes defendant's
6  assertion that defendant was suspicious plaintiff might be carrying contraband.  Plaintiff also
7  disputes defendant's description of the search as well as defendant's reason for activating his
8  alarm.  *See* ECF No. 118 at 10.  Finally, the parties also dispute the extent of harm caused by the
9  search.  *Compare* ECF No. 118 at 10-12 *with* ECF No. 118 at 14.

10       The foregoing shows there are disputes of fact in connection with each of the *Hudson*
11  factors.  First, there is a dispute over whether, and to what extent, plaintiff was injured by
12  defendant during the search.  Drawing a distinction between pain and injury, the magistrate judge
13  also finds plaintiff "presented no evidence demonstrating or suggesting that he sustained an
14  objectively identifiable injury as a result of defendant's conduct." ECF No. 118 at 19.  The court
15  considers the "extent of injury" suffered by an inmate as "'one factor that may suggest "whether
16  the use of force could plausibly have been thought necessary" in a particular situation.'"  *Wilkins*
17  *v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 7, in turn quoting *Whitley*, 475
18  U.S. at 321).  "The extent of injury may also provide some indication of the amount of force
19  applied."  *Wilkins*, 559 U.S. at 37.  The Eighth Amendment prohibits the "'unnecessary and
20  wanton infliction of pain.'"  *Hudson*, 503 U.S. at 7 (quoting *Whitley* at 319).  As the United States
21  Supreme Court held in *Hudson*, and reiterated in *Wilkins*, "[t]he 'core judicial inquiry' [on an
22  excessive force claim] was not whether a certain quantum of injury was sustained, but rather
23  'whether force was applied in a good faith effort to maintain or restore discipline, or maliciously
24  and sadistically to cause harm.'  [Citation omitted.]  'When prison officials maliciously and
25  sadistically use force to cause harm,' the Court recognized, 'contemporary standards of decency

---

27  C.C.R. § 3005(b), and that plaintiff spoke defiantly to defendant." ECF No. 118 at 17.  The court
28  does not agree that plaintiff's deposition testimony supports a finding that he refused to show
    defendant the medical ducat.

4

are always violated . . . whether or not significant injury is evident.'" *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 9). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to purse an excessive claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 509 U.S. at 38. What is at issue is the relationship between the need for force and the amount of force applied.

Plaintiff has presented evidence that his back "popped" during the search "and he thereafter experienced increased back pain for which he was prescribed increased pain medications and a 'medical lay-in.'" ECF No. 118 at 19. In this court's view, this evidence is sufficient to support a finding that plaintiff suffered an injury that caused increased pain. As discussed above, the parties dispute whether plaintiff's back "popped" during the search or whether defendant Yassine cause plaintiff any harm. Plaintiff's evidence is, however, sufficient to raise a triable issue of fact as to whether, and to what extent, defendant Yassine caused plaintiff harm.

The other factual disputes described above demonstrate there are also material factual disputes as to each of the other factors the court considers in analyzing plaintiff's Eighth Amendment claim. Specifically, there are disputes over whether plaintiff posed any threat, whether there was any need for the use of force under the circumstances or whether, assuming the search was authorized, there were alternatives available to defendant in lieu of searching plaintiff in his wheelchair, whether defendant used any force, and, if he did, the efforts, if any, defendant made to temper the amount of force used. All of these disputes concern facts material to plaintiff's Eighth Amendment claim and preclude summary judgment for defendant on the merits of that claim.

Defendant also seeks summary judgment on the ground of qualified immunity. As noted above, the magistrate judge did not reach this question.

/////
/////
/////

In analyzing the qualified immunity defense, the court looks at the facts in the light most favorable to plaintiff. *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1168 (2013).

> To determine whether an officer is entitled to qualified immunity, a court must evaluate two independent prongs: (1) whether the officer's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the incident. . . . These prongs may be addressed in either order.

*Castro v. County of Los Angeles*, ___ F.3d ___, 2015 WL 4731366, slip op. at 3 (9th Cir. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)).

> "To determine that the law was clearly established, we need not look to a case with identical or even 'materially similar' facts." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739–41, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). The question instead is whether the contours of the right were sufficiently clear that a reasonable official would understand that his actions violated that right. *Id.*; *see also Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

*Castro*, slip op. at 4.

Defendant makes three arguments in support of his assertion of qualified immunity. First, he contends he did not violate plaintiff's constitutional rights. As noted above, disputed issues of material fact preclude a finding in his favor on that argument at summary judgment.

Second, he contends that a reasonable correctional officer in his position would have believed his actions lawful. He argues as follows:

> According to expert testimony, it was reasonable for the sole correctional officer responsible for checking the 100-150 inmates passing through the security gate to attempt to search a disruptive inmate, who was refusing a lawful order and may have been carrying contraband in his wheelchair, by placing his hand on the inmate's back (or even by pushing down on it) in order to immediately quash the escalating safety threat to the correctional officer and other inmates.

ECF No. 112-1 at 18. As discussed above, there are disputed issues of material fact as to whether plaintiff refused defendant's order, whether defendant had a reasonable basis for suspecting plaintiff may have been carrying contraband, whether plaintiff posed any safety threat, and the extent of the force applied by defendant. Viewing the facts in the light most favorable to plaintiff and resolving all disputes in his favor, the record ultimately could show that plaintiff complied

with defendant Yassine's lawful orders and that defendant used force on plaintiff, who was in a wheelchair, when plaintiff posed no threat to defendant or anyone else, and caused plaintiff unnecessary pain in doing so.  The same disputes that preclude summary judgment on the merits of plaintiff's Eighth Amendment claim preclude a finding that defendant Yassine is entitled to summary judgment on the ground of qualified immunity.

Finally, citing *Jeffers v. Gomez*, 267 F.3d 895, 907-08 (9th Cir. 2001), defendant contends that

> to defeat a summary judgment motion brought by Officer Yassine on qualified immunity grounds, Barker must "put forward specific, nonconclusory factual allegations that establish improper motive." *Id*. (quoting *Crawford El v. Britton*, 523 U.S. 574, 598 (1998)). Barker must therefore set forth facts demonstrating that the use of force by Officer Yassine was malicious and sadistic and for the very purpose of causing harm, rather than in a good faith effort to protect another from serious injury, or to restore order and discipline.

ECF No. 112-1 at 19.  Defendant contends plaintiff has not met this burden.  The court disagrees.  The parties' disputes over whether plaintiff disobeyed defendant's orders, whether plaintiff posed any threat, and how defendant Yassine responded to plaintiff's refusal to explain his medical condition are all based on facts presented by plaintiff in opposition to the motion for summary judgment.  Viewed in the light most favorable to plaintiff, those facts could support an inference that defendant inflicted pain on plaintiff not in a good faith effort to maintain order but maliciously and sadistically for the purpose of causing harm.  Defendant is not entitled to summary judgment on the ground of qualified immunity.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 3, 2015, are not adopted;

2. Defendant's motion for summary judgment, ECF No. 112, is denied; and

3. This matter is referred back to the assigned magistrate judge for further proceedings.

DATED: September 29, 2015.

_____
UNITED STATES DISTRICT JUDGE