Scottlynn J Hubbard IV, SBN 212970
Stephanie L. Ross, SBN 297840
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone:   (530) 895-3252
Facsimile:    (530) 894-8244

Attorneys for plaintiff William Barker

United States District Court

Eastern District of California

| | |
|---|---|
| William Barker, | ) Case No: 2:11-cv-00246-AC |
| | ) |
|     Plaintiff, | ) **Motion in Limine No. 1** |
| | ) |
| v. | ) |
| | ) |
| R Yassine | ) Trial Date:     August 22, 2016 |
| | ) Time:           9:00 a.m. |
|     Defendant | ) Room:          No. 3 |
| | ) |
| | ) Honorable Allison Claire |
| _____ | ) |

*Barker v. Yassine*                                                                    Case No.: 2:11-cv-00246-AC
**Motion *in* Limine to exclude irrelevant/prejudicial evidence**
Page 1

**ISSUE:      Plaintiff moves to prevent the defense from introducing evidence of plaintiff's prior litigation history.**

## INTRODUCTION

Plaintiff William Barker ("Barker") sued defendant R Yassine ("Yassine") for violations of the Eighth Amendment of the United States Constitution.  During his incarceration, Barker has had problems with other correctional officers and staff, unrelated to the Eighth Amendment issue here, and has previously sued other defendants for violations of the Eighth Amendment,  the Americans with Disabilities Act of 1990 (ADA), and related state law violations.   Yassine may attempt to introduce evidence of these past lawsuits; this is inappropriate and prejudicial. Barker therefore moves this Court for an Order preventing testimony or evidence regarding these past lawsuits should Yassine attempt to present evidence of past litigation by Barker.  If this Court is inclined to allow testimony regarding plaintiff's previous lawsuits, plaintiff will request judicial notice of all previous lawsuits and settlements regarding instances in which Yassine was sued for on violations of the Eighth Amendment, the ADA, and related state law violations.

## DISCUSSION

Barker argues that evidence of his past lawsuits or litigation is inadmissible for two reasons.  First, evidence of other lawsuits is not relevant to any claim or contention in the present case.  Second, even if defense counsel can identify some tenuous relevance, the material should still be excluded by operation of Federal Rule of Evidence 403, because any probative value is substantially outweighed by the danger of unfair prejudice.

*Barker v. Yassine*                                                          Case No.: 2:11-cv-00246-AC
**Motion *in* Limine to exclude irrelevant/prejudicial evidence**
Page 2

1

2

3     **This Court Should Exclude Any Evidence Concerning Barker's Past**
      **Lawsuits Due to Lack of Relevance.**

4

5         The federal evidence rules lay out precisely what is meant by

6     "relevant evidence":

7              "Relevant evidence" means any evidence having any
               tendency to make the existence of any fact that is of
8              consequence to the determination of the action more
               probable or less probable than it would be without it.

9

10    Fed. Rules Evid., Rule 401.   The present action concerns Barker's

11    complaint of constitutional rights violations under the Eighth Amendment.

12    Specifically, Barker alleges that Yassine used excessive force against him

13    in violation of the Eighth Amendment.

14        There is much evidence that *will* be of consequence to this action,

15    including, but not limited to: whether excessive force was exerted by

16    Yassine.

17        What is <u>not</u> of consequence in determining whether excessive force

18    was used against Barker in violation of the Eighth Amendment, however, is

19    whether Barker had ever filed lawsuits in the past.   Nor is it of any

20    consequence to the determination of the present action that the trier-of-fact

21    hear upon what exactly those past lawsuits were based.   Therefore, any

22    lawsuits in the past that Barker has pursued are of <u>no</u> possible relevance as

23    to whether Yassine, *in this action*, violated Barker's constitutional rights by

24    using excessive force against him in violation of the Eighth Amendment.

25

26

27

28

*Barker v. Yassine*                                                    Case No.: 2:11-cv-00246-AC
**Motion *in* Limine to exclude irrelevant/prejudicial evidence**
Page 3

**This Court Should Exclude any Evidence Concerning Barker's Past Lawsuits Due to its Prejudicial and Time-Consuming Effect.**

Even if this court should find that Yassine has demonstrated some tenuous showing of relevance for the past lawsuits, Barker argues that evidence of such lawsuits should still be excluded because of the prejudicial effect such evidence would have on a trier-of-fact.

In *Outley v. City of New York*, 837 F.2d 587 (2nd Cir. 1988), the Second Circuit discussed this very issue. In *Outley*, the plaintiff had brought a civil rights action against New York City and several individual police officers, and the defendant sought to introduce evidence of plaintiff's past lawsuits in order to portray him as a "chronic litigant." *Outley*, 837 F.2d at 591. Noting that the "charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged," the court stated:

> . . .a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice.

*Id*. at 592.

The court then looked to two federal rules of evidence for guidance. It noted that under FRE 403, a district court is provided broad discretion in making determinations under that rule. *See id*. It also found FRE 404(b), dealing with character evidence, to be relevant, stating that:

> Litigiousness is the sort of character trait with which Rule 404(b) is concerned. Evidence that Outley had filed several lawsuits against the City, and in particular against police officers, would **undoubtedly cause the jury to question the validity of Outley's current claim.**

*Id*. at 592-593.   The court, observing that, "[t]he total impact of the

1   evidence was to show that Outley is 'claim-minded,' and that the claims

2   before the court were just two more in a long line of lawsuits," it found the

3   evidence of past lawsuits to be inadmissible.

4        The present action involves claims of constitutional rights violations.

5   Nevertheless, there can be no serious doubt that in the instant action if

6   Yassine brings up Barker's past lawsuits and presents related evidence, the

7   purpose would be to attack Barker's character, and to portray him as a

8   "chronic litigant," or as "claim-minded."   However, just as in *Outley*, this

9   Court should find that the substantial prejudice that would result to Barker

10  should such evidence be admitted outweighs any relevance that Yassine

11  could possibly show.

12       In the case of *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771 (7th

13  Cir. 2001), the Seventh Circuit also dealt with this issue.  In *Mathis*, an

14  African-American plaintiff had brought claims of age and race

15  discrimination against the defendant. *See Mathis*, 269 F.3d at 773.

16  Defendant had tried to introduce evidence that the plaintiff had sued at least

17  six other car dealerships for discrimination, and the lower district court had

18  deemed such evidence inadmissible. *See id*. at 774.  The appeals court, in

19  discussing whether the lower court's decision was the correct one, stated:

20       . . . both the Second Circuit in <u>Outley</u>, and this court in <u>Gastineau</u>
21       recognized that the danger of unfair prejudice from a charge of
         litigiousness might be minimized if the defendant could show that
22       the plaintiff had a history not merely of filing numerous lawsuits,
         but of filing **fraudulent ones**. . .

23

24  <u>Id</u>. at 776.  The court then went on to observe that defendant Phillips had

25  indeed presented evidence that plaintiff Mathis was fabricating claims of

26  discrimination through potentially fraudulent means, but, noting that the

27  lower court is endowed with great discretion in deciding whether to admit

28  evidence, the Second Circuit refused to reverse the lower court's decision.

*Barker v. Yassine*                                      Case No.: 2:11-cv-00246-AC
**Motion *in* Limine to exclude irrelevant/prejudicial evidence**
Page 5

1   In the present action, Yassine can present <u>no</u> evidence whatsoever
2   that any of the Barker's past lawsuits were anything but meritorious.
3   Indeed, there have been numerous rulings stating that a past litigation
4   history – sometimes involving hundreds of suits – is of little relevance
5   when deciding whether an instant lawsuit is meritorious, or that the plaintiff
6   in question is a vexatious litigant. *See Wilson v. Pier 1 Imports, Inc.*, 2006
7   WL 213823, \*3-\*4 (E.D. Cal) (finding that fact of multiple previous lawsuit
8   filings by plaintiff does not prove frivolousness in instant matter or that the
9   case lacked merit); *Doran v. Vicorp Restaurants*, 2005 WL3577148, \*3
10  (C.D. Cal 2005) ("Initially, the Court notes that Doran is not a vexatious
11  litigant merely because he has filed 219 lawsuits"); *Molski v. Mandarin
12  Touch Restaurant,* 347 F.Supp.2d 860, 866 (C.D. Cal. 2004) ("Clearly,
13  raising multiple claims, by itself, is not unethical or vexatious").

### FRE 403

15  Finally, Federal Rule of Evidence 403 states that even if evidence has
16  some relevant value, it can be excluded by considerations of undue delay
17  and waste of time.  Fed.R.Evid. 403.  In the present case, if Yassine were
18  permitted to introduce evidence that Barker has filed other lawsuits alleging
19  violations of the Eighth Amendment, his only recourse to defend his case
20  and his character against the suggesting of being overly litigious, Barker
21  would have to discuss the validity and merits of each of those lawsuits, thus
22  discussing the facts underlying each lawsuit, showing and discussing the
23  evidence accumulated during the discovery phases of those cases, calling
24  additional witnesses, and so forth.  There would be multiple mini-trials
25  within this one trial and the trial estimate would need to be dramatically
26  expanded.  Additionally, Barker would need to request judicial notice of all
27  the prior cases and settlements regarding instances in which suit was
28  brought against Yassine for violations of the Eighth Amendment. It simply

*Barker v. Yassine*                                                          Case No.: 2:11-cv-00246-AC
**Motion *in* Limine to exclude irrelevant/prejudicial evidence**
Page 6

is unfair, irrelevant, prejudicial, and time-consuming to let in any evidence that Barker has filed other lawsuits alleging <u>different</u> problems against <u>different</u> defendants.

## CONCLUSION

Barker respectfully requests that for the foregoing reasons, this Court exclude any and all evidence related to Barker's prior litigation history should Yassine attempt to present it.


Dated: July 8, 2016                    DISABLED ADVOCACY GROUP, APLC


                                       By: <u>*/s/        Scottlynn J Hubbard     /*</u>
                                       Scottlynn J Hubbard IV
                                       Attorney for Plaintiff William Barker

*Barker v. Yassine*                                    Case No.: 2:11-cv-00246-AC
**Motion *in* Limine to exclude irrelevant/prejudicial evidence**
Page 7