UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER,

Plaintiff,

v.

R. YASSINE,

Defendant.

No. 2:11-cv-00246-AC

ORDER

Plaintiff William Barker, a state prisoner proceeding through counsel, filed this civil rights action against defendant R. Yassine seeking relief under 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the United States Magistrate Judge as provided by 28 U.S.C. § 636(c), and this case is set for trial on August 22, 2016. See also Fed. R. Civ. P. 73; E.D. Cal. L.R. 301.

Currently pending are the parties' respective motions in limine. Plaintiff has filed one motion in limine, ECF No. 143, and defendant has filed three motions in limine, ECF Nos. 152–154. Each motion is opposed. ECF Nos. 156–159. The court held a telephonic status conference on August 8, 2016, at which Stephanie Ross appeared for plaintiff and Susan Coleman appeared for defendant. At the conference, the motions were submitted for decision. For the reasons explained below, the court GRANTS IN PART and DENIES IN PART plaintiff's Motion in Limine No. 1 to Exclude Plaintiff's Prior Litigation History; GRANTS defendant's Motion in

Limine No. 1 to Bifurcate Punitive Damages; GRANTS IN PART and DENIES IN PART defendant's Motion in Limine No. 2 to Exclude Evidence that Defendant Violated ADA and Title 15 Regulations; and GRANTS defendant's Motion in Limine No. 3 to Exclude Complaints and Grievances Against Defendant by Other Inmates.

## I. BACKGROUND

This action arises from an incident that occurred at approximately 3:45 p.m. on October 25, 2009, when plaintiff Barker was returning through the Unit I Grill Gate at California Medical Facility (CMF) in Vacaville, a state prison. See Final Pretrial Order (FPTO), ECF No. 139 at 2; see also Order, Sept. 30, 2015, ECF No. 124 at 2–3. Plaintiff was in a wheelchair, and defendant Yassine was the Correctional Officer (CO) on duty at the Gate. FPTO at 2. The parties dispute the specifics of the exchange between plaintiff and defendant, but an argument ensued. Id. Defendant conducted a pat down search of plaintiff while he was sitting in his wheelchair. Id.

Plaintiff alleges defendant used excessive force in conducting the search, in violation of the Eighth Amendment, and seeks monetary damages, attorneys' fees, and costs. Id. at 3. Plaintiff initially also brought claims under the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, the California Unruh Civil Rights Act, and the California Disabled Person's Act, but those claims were previously dismissed by the court. See id. at 4; ECF Nos. 85, 89.

## II. DISCUSSION

A motion in limine is a pretrial procedural device designed to address the admissibility of evidence. Each ruling is made without prejudice and is subject to proper renewal, in whole or in part, during trial. If a party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or otherwise forfeit appeal on such grounds. See Fed. R. Evid. 103(a); Tennison v. Circus Circus Enters., Inc., 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in limine ruling excluding evidence, the exclusion of that evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and quotation omitted).

The court addresses each motion in limine in turn.

A. Plaintiff's Motion in Limine No. 1

Plaintiff moves to exclude evidence of plaintiff's prior litigation history. ECF No. 143. During his incarceration, plaintiff previously sued other defendants for violations of the Eighth Amendment, ADA, and related state law violations. Id. at 2. Plaintiff argues that evidence of these past lawsuits is irrelevant or, alternatively, would unduly prejudice the jury under Federal Rule of Evidence 403. Id.

Irrelevant evidence is not admissible under the Federal Rules of Evidence. Fed. R. Civ. P. 402. Evidence is "relevant" if it "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence is relevant, it may be excluded under Rule 403 if its probative value is "substantially outweighed" by a danger of unfair prejudice. The court has broad discretion to admit or exclude evidence. See Valdivia v. Schwarzenegger, 599 F.3d 984, 993 (9th Cir. 2010).

Defendant opposes the motion, arguing that other lawsuits involving similar injuries are relevant to the damages determination in this case, that plaintiff's other lawsuits are relevant to "evaluat[e] Plaintiff's credibility, to show his bias and motive to sue," and that plaintiff may be impeached with prior inconsistent statements he made under oath under Rule 801(d)(1)(A). ECF No. 156. The court considers each of defendant's proposed uses for the challenged evidence.

1. Plaintiff's Injuries

Contrary to defendant's assertion, evidence about plaintiff's other lawsuits is not necessary to determine damages in this case. Defendant could present evidence about the nature and extent of plaintiff's previous injuries without asking him about the litigation arising from such injuries. Even if evidence of plaintiff's other lawsuits might have some slight probative value, that value is substantially outweighed by the danger of unfair jury bias against the chronic litigant. See Outley v. City of New York, 837 F.2d 587, 592 (2d Cir. 1988). The court GRANTS plaintiff's motion to the extent defendant seeks to admit the evidence to assess damages.

/////

/////

2. Plaintiff's Credibility

Defendant's credibility argument implicates Federal Rule of Evidence 404. Rule 404 prohibits using evidence of a person's character trait or other acts to show that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1), (b)(1). However, this evidence may be admissible for other purposes, such as proving motive, intent, or absence of mistake. Fed. R. Evid. 404(b)(2). Even if evidence is used for a permissible purpose under Rule 404(b)(2), it may be excluded under Rule 403 if its probative value is "substantially outweighed" by a danger of unfair prejudice.

The character trait of litigiousness and acts of filing other lawsuits fall within Rule 404. See Outley, 837 F.2d at 592–93. Defendant here does not elaborate on how evidence of plaintiff's other lawsuits would be used to show plaintiff's "bias and motive to sue," but defendant appears to suggest that plaintiff's acts of filing other lawsuits shows his litigious inclination. This is a prohibited use under Rule 404. To the extent defendant's proposed admission of the evidence falls within a permissible use under Rule 404(b)(2), the court finds the probative value of the evidence is substantially outweighed by the danger of unfair jury bias against the chronic litigant under Rule 403. Outley, 837 F.2d at 592–93; cf. D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir. 2008). The court GRANTS plaintiff's motion to exclude the evidence for the purpose of showing plaintiff's bias and motive to sue. Defendant is prohibited from attempting to undermine plaintiff's credibility by portraying him as a chronic litigant.

3. Impeachment of Plaintiff Under Rule 801(d)(1)(A)

Defendant also seeks to admit statements plaintiff made under oath in other litigation to impeach any inconsistent testimony plaintiff provides in this action under Rule 801(d)(1)(A). Plaintiff responds that Rule 801(d)(1)(A) does not apply here because his 2008 lawsuit involved different defendants and facts, and he has not provided any testimony under oath in his 2014 lawsuit. ECF No. 160 at 3.

Plaintiff's arguments do not justify a complete bar on impeachment evidence under Rule 801(d)(1)(A). Although the 2008 lawsuit involved different facts, plaintiff might conceivably

provide testimony in this case that is inconsistent with his prior sworn testimony. With respect to Rules 403 and 404, this type of impeachment is not a prohibited use of character evidence, and an inconsistent sworn statement is more probative of plaintiff's credibility than is the general fact that he has filed other lawsuits. The court DENIES plaintiff's motion to the extent it seeks to entirely bar evidence from other lawsuits for purposes of impeachment under Rule 801(d)(1)(A). The court will determine the admissibility of specific prior statements as necessary during trial.

B. Defendant's Motion in Limine No. 1

Defendant moves to bifurcate the trial into two stages: (1) liability and compensatory damages, and (2) punitive damages. ECF No. 152. Rule 42(b) of the Federal Rules of Civil procedure provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." See also Arthur Young & Co. v. U.S. District Court, 549 F.2d 686, 697 (9th Cir. 1977). The decision to bifurcate is within the sound discretion of the trial court. Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir. 1985). Courts consider several factors in determining whether bifurcation is appropriate, such as potential prejudice to the parties, potential confusion of the jurors, and the convenience and economy that would result. In re Beverly Hills Fire Litig., 695 F.2d 207, 216 (6th Cir. 1982); Rios v. Tilton, No. 07-0790, 2016 WL 29567, at *16 (E.D. Cal. Jan. 4, 2016). Plaintiff opposes the motion, contending bifurcation would increase the time and expenses expended by the State in transporting him from his cell to the courthouse. ECF No. 157.

The court finds plaintiff would not be prejudiced by bifurcation, because the second stage would follow immediately after the first if trial proceeds to the issue of punitive damages. In addition, bifurcation would avoid potential confusion of the jurors and prejudice to defendant that might result from the presentation of evidence about defendant's personal finances and net worth while the jury is determining defendant's liability and plaintiff's non-punitive damages. Furthermore, bifurcation would expedite and economize trial by precluding the presentation of evidence or argument relating to punitive damages unless and until it is necessary. Accordingly, the court GRANTS defendant's motion to bifurcate the trial into two stages.

Evidence and argument relating to the award of punitive damages will be excluded from the first stage of trial. Upon conclusion of the presentation of evidence and argument relating to liability and non-punitive damages, the jury will deliberate and complete a verdict form that asks whether defendant violated plaintiff's rights under the Eighth Amendment; what, if any, are plaintiff's non-punitive damages; and whether defendant's conduct toward plaintiff was malicious, oppressive, or in reckless disregard of plaintiff's rights. If the jury reaches the third question and finds defendant's conduct was malicious, oppressive, or in reckless disregard of plaintiff's rights, the parties will then present evidence and argument relating to punitive damages.

C. Defendant's Motion in Limine No. 2

Defendant next moves to exclude evidence and argument that defendant violated ADA or Title 15 regulations by not putting plaintiff on an ADA-compliant bench before conducting the pat down search. ECF No. 153. Defendant argues that a violation of these regulations is not relevant to the elements of plaintiff's Eighth Amendment excessive force claim. Id. at 3–4. Alternatively, defendant contends this evidence should be excluded under Rule 403, because it might lead to a trial within a trial or lead the jury to generally conclude defendant did something wrong and improperly factor that into the liability determination. Id. at 4. Plaintiff opposes the motion, contending the regulations are relevant to whether the amount of force was excessive because they show defendant "could have, and should have, moved [plaintiff] to an ADA-compliant bench to conduct the search." ECF No. 158 at 3.

A plaintiff advancing an Eighth Amendment claim for excessive use of force must provide facts specifically linking individual defendants to force that was applied "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline . . . ." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992) (citing Whitley v. Albers, 475 U.S. 312 (1986)). The Ninth Circuit has relied on the following factors in determining whether an officer's application of force was undertaken in good faith, or maliciously and sadistically to cause harm: (1) the extent of the injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat

reasonably perceived by the responsible official; and (5) any efforts made to temper the severity of a forceful response. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); accord Hudson, 503 U.S. at 7.

Although violation of the regulations does not necessarily constitute an Eighth Amendment violation, evidence showing defendant violated established protocols for searching a disabled inmate would undermine the argument that his alleged use of force was applied in good faith to maintain or restore order. See, e.g., Excerpts from Jan. 3, 2001 Armstrong Remedial Plan[1], ECF No. 113-3 at 7 ("Inmates who use wheelchairs and who have severe mobility impairments and are unable to perform standard unclothed body search maneuvers shall be afforded reasonable accommodation to ensure a thorough search, including body cavities."). Such evidence is probative and not unduly prejudicial.

However, the risk of confusion and prejudice is greater, and the probative value lesser, with respect to Title 15's definitions of terms such as "reasonable force" and "excessive force," which differ from the standards applied under the Eighth Amendment. Compare, e.g., Cal. Code Regs. tit. 15 § 3268(a)(3) (defining "Excessive Force" as "[t]he use of more force than is objectively reasonable to accomplish a lawful purpose"), with Hudson, 503 U.S. at 6–7 (requiring a plaintiff bringing an Eighth Amendment claim for excessive force to show the force was applied "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline"). Reference to these regulations would create an undue risk of jury confusion, and their substance is not directly relevant to the Eighth Amendment inquiry.

Accordingly, the court GRANTS defendant's motion to exclude the text of the Title 15 regulations defining terms related to the use of force or providing general standards for the permissible use of force, e.g. Cal. Code Regs. tit. 15 § 3268(a), because the probative value of this evidence is substantially outweighed by the considerable danger of confusion or prejudice. The court DENIES defendant's motion to exclude evidence of ADA or Title 15 regulations that specify accommodations for disabled inmates or alternatives to the use of force, such as the use of

---

[1] The Armstrong Remedial Plan governs application of Title II of the ADA to inmates in the custody of the California Department of Corrections and Rehabilitation. See ECF No. 113-3 at 5.

an ADA-compliant bench during a search. This evidence has high probative value and is less likely to cause confusion or prejudice.

No later than August 19, 2016, the parties are directed to meet and confer and jointly file a proposed limiting jury instruction to help mitigate any risk of confusion or prejudice caused by this evidence. If the parties are unable to agree upon a joint statement, their filing may include each of their proposed instructions.

D. Defendant's Motion in Limine No. 3

Finally, defendant moves to exclude evidence and argument that nine other inmates filed grievances and complaints against him. ECF No. 154. Of those grievances, only one resulted in a sustained allegation, an allegation by inmate Walker that defendant grabbed his right forearm/wrist without provocation on June 13, 2009. Id. at 3–4. Defendant's use of force was not found to be excessive, but he received counseling about considering other use of force options as a result of the incident. Id. at 5. Defendant argues that admission of this evidence is prohibited under Rule 404(b). Id. Defendant also contends this evidence would lead to juror confusion or prejudice and might lead to a trial within a trial under the Rule 403 balancing analysis. Id. However, defendant does not oppose the use of this evidence to impeach him if he makes false statements, such as "no inmate has ever filed a grievance on me," during his testimony. Id. at 6.

Plaintiff opposes the motion, arguing that evidence of inmate grievances about defendant's use of force demonstrates defendant's intent, knowledge, and absence of mistake, which are permissible purposes under Rule 404(b). ECF No. 159. Plaintiff "would seek to admit this evidence to show that Defendant knew that touching an inmate was wrong when there were other use of force options available to him that didn't require physical contact with an inmate." Id. at 2. It could also "show that Defendant did not make a mistake when he touched [plaintiff], but that he intended to harm him because he had received specific training on this very subject." Id. at 2–3. Plaintiff represents that he would not seek to use the evidence "in an implicit effort to show Defendant acted in conformity with the allegations of the instant case." Id. at 3.

The court first considers whether the evidence is admissible under Rule 404, and then conducts the Rule 403 balancing analysis if necessary. As the parties both agree, Rule 404(b)

prohibits plaintiff from using evidence of the other grievances to show defendant's character or propensity to use excessive force. The court GRANTS defendant's motion in this regard.

Admitting the evidence to show that defendant had knowledge of alternative uses of force or that defendant intentionally chose an improper use of force are permissible purposes under Rule 404(b). Under the Rule 403 balancing analysis, however, the grievances are not very probative of defendant's knowledge or intent in this case and have a high risk of causing juror confusion or prejudice. Moreover, plaintiff could establish defendant's knowledge of the proper use of force and the available alternatives to the use of force by admitting evidence of the standard use of force training all COs receive, which does not have the same risk of confusion or prejudice. See CDCR DOM 32010.14.2 (annual use of force training required); see also Chap. 5, Art. 2 (Use of Force), DOM 51020.1 et seq. (extensive guidelines). The court GRANTS defendant's motion to exclude evidence of the other inmate grievances and complaints against him. This order does not preclude plaintiff from admitting evidence of the standard use of force training all COs receive to show defendant's knowledge, intent, or absence of mistake.

III. CONCLUSION

For the foregoing reasons, it is ordered as follows:

1. Plaintiff's Motion in Limine No. 1 is GRANTED IN PART and DENIED IN PART, as specified above;
2. Defendant's Motion in Limine No. 1 is GRANTED;
3. Defendant's Motion in Limine No. 2 is GRANTED IN PART and DENIED IN PART, as specified above;
4. Defendant's Motions in Limine No. 3 is GRANTED; and
5. No later than August 19, 2016, the parties are directed to meet and confer and jointly file a proposed limiting jury instruction with respect to ADA and Title 15 regulations.

////

////

////

////

During trial, the parties are directed to request a side bar before inquiring about ADA and Title 15 regulations or the Armstrong Remedial Plan.

IT IS SO ORDERED.

DATE: August 12, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE