UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER, | No. 2:11-cv-00246 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. YASSINE, | |
| Defendant. | |

I.   Introduction

Plaintiff is a state prisoner who filed this civil rights action pro se and in forma pauperis. Plaintiff later obtained legal representation from attorneys Stephanie Ross and Scottlynn Hubbard IV of the Disabled Advocacy Group. Attorney Lynn Hubbard III appeared to try the case, and has since withdrawn. On August 25, 2016, a judgment pursuant to jury verdict was entered in favor of defendant Correctional Officer R. Yassine, following trial on plaintiff's Eighth Amendment excessive force claim.[1]

On September 2, 2016, pursuant to Federal Rule of Civil Procedure 54(d)(1), defendant's counsel submitted a Bill of Costs in the amount of $1,834.30.[2] See ECF No. 196. For the reasons

---

[1] Prior to trial, the parties consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF Nos. 5, 140, 141.
[2] The submitted Bill of Costs seeks $1833.80, which is short by 50 cents, when compared with the noted transcript costs and supporting documentation. Accordingly, the accurate total

1

that follow, the court denies the requested award.

      II.      <u>Legal Standards</u>

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Costs are payable by the nonprevailing party, not his or her counsel, absent a showing of bad faith for which independent monetary sanctions may be imposed.[3] Those circumstances are not present here. Accordingly, the undersigned considers the merits of taxing defendant's requested costs against plaintiff personally.

Although Rule 54(d)(1) creates "a presumption for awarding costs to prevailing parties," the rule "also vests in the district court discretion to refuse to award costs." <u>Draper v. Rosario</u>, 836 F.3d 1072, 1087 (9th Cir. Sept. 7, 2016) (citations and internal quotation marks omitted). In determining whether to exercise this discretion, this court must consider the following:

> Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis.

<u>Draper</u>, 836 F.3d at 1087 (citations and internal quotation marks omitted). In a civil rights case, it is an abuse of discretion to tax costs without considering the nonprevailing party's indigency and

---

requested amount is $1834.30. The court finds each of the requested costs taxable under the criteria set forth in Local Rule 292(f).

[3] See e.g. <u>Bell v. California</u>, 2003 WL 23784808, at *8, 2003 U.S. Dist. LEXIS 26010, at *24 (N.D. Cal. Aug. 26, 2003) (prisoner civil rights case in which defendants prevailed on summary judgment; the court denied defendants' request to tax costs against plaintiff's counsel under Rule 54(d)(1) due to "a lack of apposite authority" but imposed monetary sanctions against counsel under 28 U.S.C. § 1927); accord, <u>Cotterill v. City & County of San Francisco</u>, 2010 WL 1223146, at *4, 2010 U.S. Dist. LEXIS 28310, at *13-14 (N.D. Cal. Mar. 10, 2010) (the court declined to tax costs against the indigent plaintiff under Rule 54(d), but imposed monetary sanctions against plaintiff's counsel under 28 U.S.C. § 1927), report and recommendation adopted, 2010 WL 1910528, 2010 U.S. Dist. LEXIS 48774 (N.D. Cal. May 11, 2010), aff'd in part, remanded in part sub nom <u>Haynes v. City & County of San Francisco</u>, 474 Fed. Appx. 689 (9th Cir. 2012); see also <u>Haynes v. City & County of San Francisco</u>, 688 F.3d 984, 989 (9th Cir. 2012) (district court may reduce sanctions award under § 1927 based on the attorney's inability to pay).

1  "the chilling effect of imposing such high costs on future civil rights litigants." Stanley v.
2  University of Southern California, 178 F.3d 1069, 1079 (9th Cir. 1999).

3        III.    Analysis

4      Each of the factors identified in Draper supports the denial of defendant's request to tax
5  costs against plaintiff. The court addresses each of these factors, concluding with the third factor,
6  the chilling effect on future similar actions if costs are taxed in this case.

7      Prison civil rights suits are matters of substantial public importance. The ability of
8  prisoners to seek redress in the federal courts for the alleged violation of their civil rights
9  encourages prison officials to be vigilant and accountable in operating safe and constructive
10  prisons. "Individual Eighth Amendment cases are important for safeguarding the rights and
11  safety of prisoners." Draper, 836 F.3d at 1088 (vacating costs award against prisoner following
12  jury trial on his Eighth Amendment claim and remanding for further consideration). Because the
13  majority of prisoners are indigent, their access to the courts on potentially meritorious claims
14  must not be compromised by their fear of incurring costs should they not prevail. Thus, the first
15  factor weighs against an award of costs.

16      The second factor also weighs against an award of costs. The instant case required
17  resolution by a jury. The merits of plaintiff's claim turned on a factual determination whether
18  defendant's alleged "force was applied in a good faith effort to maintain or restore discipline or
19  maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S.
20  312, 320-21 (1986) (citation and internal quotation marks omitted). As in Draper, plaintiff's
21  evidence was sufficient to survive summary judgment and "[u]ltimately, the case turned on which
22  competing account of events the jurors believed." 836 F.3d at 1088.

23      Jumping to the fourth factor, the court finds that it too weighs against an award of costs.
24  Plaintiff remains incarcerated and his financial resources are very limited. According to
25  plaintiff's sworn affidavit in support of his application to proceed in forma pauperis, plaintiff has
26  no regular source of income; his outstanding legal fines far exceed his limited cash; he has no
27  checking or savings account; and he has no tangible assets. See ECF No. 2. Plaintiff is not
28  employed at his place of incarceration and has no prospects for such employment. According to

the First Amended Complaint, plaintiff is physically disabled and, inter alia, experiences chronic back pain for which he is prescribed a wheelchair for use outside his cell.  See ECF No. 72-1 at 3.

The economic disparity between the parties, the fifth factor for this court's consideration, is marked.  As the Ninth Circuit noted in Draper, "[t]here is no comparison between [plaintiff's] limited resources and those of the state of California, which bore the defense costs." 836 F.3d at 1089.

Finally, the fourth factor also weighs against an award of costs.  Awarding costs in this case would have a chilling effect on similar lawsuits.  As found by the Ninth Circuit in Draper, id. at 1088-89:

> Many would-be litigants in Eighth Amendment excessive force cases, like Draper, have virtually no resources.  Even those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment.  This is particularly true for those whose cases, like Draper's, ultimately turn on the jury's determination of whose account of the event is more credible.  We further note that district courts have routinely declined to award costs against prisoners proceeding in forma pauperis under similar circumstances, citing potential chilling effects.  See, e.g., Baltimore v. Haggins, No. 1:10–CV–00931–LJO, 2014 WL 804463, at *2 [2014 U.S. LEXIS 26141] (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs and noting that "while this Court is what some may call 'inundated' with similar cases filed under section 1983 by indigent inmates, the potential chilling effect of being taxed with costs upon defeat cannot be ignored in cases such as these"); Meeks v. Parsons, No. 1:03–CV–6700 OWW, 2010 WL 2867847, at *2 [2010 U.S. LEXIS 76261] (E.D. Cal. July 21, 2010) (denying the defendants' motion to recover costs, in part because "an award has the potential to chill meritorious civil rights actions"); Jimenez v. Sambrano, No. 04CV1833 L, 2009 WL 937042, at *1 [2009 U.S. LEXIS 28554](S.D. Cal. Apr. 6, 2009) (granting a motion to re-tax costs because "[a]warding a large sum of costs against Plaintiff may have a chilling effect on future civil rights litigants").

In contrast to the chilling effect that an award of costs in this action would have on prisoners generally, there is no comparable chilling effect on state defendants by denying an award, as they will continue to be represented by the Office of the Attorney General at public expense.  Such relatively *di minimis* public expenditures are a cost-effective means for ensuring judicial scrutiny over prison conditions without chilling prisoners' rights to file such suits.

////

Because each of the applicable factors weigh against awarding costs in this case, the court finds that such an award would be unjust.

IV.     Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that defendant's request to tax costs, ECF No. 196, is DENIED. Defendant shall bear his own costs.

SO ORDERED.

DATED: December 15, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE